IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 27 2014
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

KELLYANN M. GOODMAN                          PLAINTIFF

vs.         4:14cv-504-JLH

PORTFOLIO RECOVERY ASSOCIATES, LLC        DEFENDANT

## COMPLAINT

This case assigned to District Judge Holmes
and to Magistrate Judge Deere

COMES NOW, Plaintiff, Kellyann M. Goodman (Goodman), and for her Complaint against Portfolio Recovery Associates, LLC (Portfolio) states:

### I.
### STATEMENT OF JURISDICTION

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

3. The actions alleged in this Complaint occurred within the State of Arkansas.

4. Venue is proper pursuant to 28 U.S.C. §1391.

## II.
## PARTIES TO THE CLAIM

5. Goodman is a resident of Little Rock, Pulaski County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

6. At the time of the incident described further herein, Portfolio was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector /debt buyer," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

7. Portfolio is being served via its registered agent:

>   Corporation Service Company
>   300 Spring Building, Suite 900
>   300 S. Spring Street
>   Little Rock, AR 72201

## III.
## FACTUAL BACKGROUND

8. Portfolio filed a lawsuit against Goodman in the District Court of Pulaski County, July 3, 2014 alleging a consumer debt.

9. The lawsuit alleges Goodman defaulted on a credit card account obligation with the original creditor, Citibank N.A./Sears.

10. Portfolio asserted it purchased and was assigned the account for good and valuable consideration.

11. Attached to the Complaint was an Affidavit stating the original creditor as Citibank N.A./Sears. **Exhibit 1**. The Affidavit was the only attachment to the Complaint.

12. The Complaint requests a principle amount of $2,732.80, all costs expended

herein paid and for "all other proper relief." **Exhibit 2**. Upon information and belief, the "principle amount" referenced in the Complaint contains interest, fees and other charges.

13. The Complaint filed by Portfolio does not contain the contract which forms the basis of its claim in violation of Rule 10(d) of the Arkansas Rules of Civil Procedure. Because no contract is attached, the relief requested contains amounts not authorized by contract in violation of 15 U.S.C. §1692f(1).

14. By not attaching the contract upon which it is suing, Portfolio is making a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A).

15. Portfolio has attached no evidence that it purchased the debt from Citibank and; thus, is taking action which cannot legally be taken in violation of 15 U.S.C. §1692e(5).

16. Portfolio is in violation of 15 U.S.C. §1692e(10) by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Goodman and any creditor in violation of Rule 10(d) of the Arkansas Rules of Civil Procedure.

17. At the time it commenced the action against Goodman, Portfolio possessed insufficient evidence and intended not to further investigate in violation of 15 U.S.C. §1692(e)(5).

18. Portfolio's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

19. Portfolio's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

## IV.
## DAMAGES

20. As a direct and proximate result of the occurrence made the basis of this lawsuit, Goodman is entitled to the following damages:

    i. actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

    ii. statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

    iii. Actual damages pursuant to 15 U.S.C. §1692k(a)(1)

## V.
## JURY DEMAND

21. Goodman demands a jury trial.

## VI.
## PRAYER

WHEREFORE, Goodman prays that:

1. She be granted statutory damages pursuant to the FDCPA;

2. She be granted actual damages;

3. She be granted costs and attorney fees.

Respectfully submitted,

*/s/ J. R. Andrews*

J. R. Andrews, AR BIN 92041
Attorney at Law
2014 Martha Drive
Little Rock, AR  72212
Phone: 501-680-3634
jrandrewsatty@yahoo.com

# AFFIDAVIT

State of Virginia
City of Norfolk ss.

I, the undersigned, _____**Joann F. Cuffee**_____, Custodian of Records, for Portfolio Recovery Associates, LLC hereby depose, affirm and state as follows:

1. I am competent to testify to the matters contained herein.

2. I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Original Creditor **CITIBANK, N.A./SEARS** and those records transferred to Account Assignee from **CITIBANK, N.A.** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business.

3. According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on **5/30/2013**. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4. According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **KELLYANN M GOODMAN** ("Debtor and Co-Debtor") to the Account Seller the sum of **$2,732.80** with the respect to account number **ending in** ⁻  · as of the date of **2/26/2013** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5. According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$2,732.80** as due and owing as of the date of this affidavit.

6. Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is not on active military service of the United States.

Portfolio Recovery Associates, LLC

By: _____**Joann F. Cuffee**_____, Custodian of Records

Subscribed and sworn to before me on ___**MAR 28 2014**___

Notary Public



TAVANA C. UZZLE
NOTARY PUBLIC
REGISTRATION # 302460
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
JANUARY 31, 2017

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.



13-09709-0



EXHIBIT
1

## IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS

**PORTFOLIO RECOVERY ASSOCIATES, LLC**                    **PLAINTIFF**

V.                        CASE NO. _PCCV-14-1951_

**KELLYANN M GOODMAN**                                         **DEFENDANT**

### COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a foreign limited liability company authorized to bring this action under Ark. Code Ann. § 4-32-1008.

2. That the Defendant is a resident of Pulaski County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her CITIBANK, N.A. account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principal amount, $2,732.80, as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $ 2,732.80, for all costs herein paid and expended, and for all other proper relief.

                                               Allen & Withrow
                                               Attorneys at Law
                                               P.O. Box 17248
                                               Little Rock, AR 72222

                                               _/s/ Lori Withrow_
                                               Lori Withrow (98069)

S&A File No. 13-09709-0
COM

**EXHIBIT 2**